LAND, J.
 

 This is a mandamus proceeding, instituted by the commissioner of public finance of the city of New Orleans against the recorder of mortgages of the parish of Orleans, to compel respondent to accept and
 
 *65
 
 record certified copies of the statements of assessments, made against each property owner for the cost of the temporary surfacing of Taft place from Dumaine street to Delgado drive, and also certified copies of similar statements of assessments covering the paving of thirteen other streets in the city of New Orleans.
 

 The judgment of the lower court con-1 demned the recorder of mortgages of the parish of Orleans to comply with the demands of relator, and respondent has appealed.
 

 The commission council of the city of New Orleans, acting under Ordinance No. 8803, C. O. S., adopted December 16, 1925, entered into a contract with the Globe Construction Company for the temporary surfacifig of Taft place from Dumaine street to Delgado drive, the work to be done in accordance with the provisions of Act 105 of 1921 (Ex. Sess.) and of Act 191 of 1924.
 

 This work was completed, and on July 25, 1927, the commissioner of public property of the city of New Orleans prepared' and delivered to relator certified copies of statements of assessments, which contained a brief description of the properties against which the cost of the paving should be assessed, and the names of the owners of same, as shown by the assessment rolls of the parish of Orleans, and also the portion of cost of paving payable by each property holder affected thereby.
 

 Relator contends that, under the special provisions of section 48 of Act 159 of 1912, the charter of the city of New Orleans, as amended by Act 105 of 1921, it is the plain ministerial duty of the recorder of mortgages of the parish of Orleans to accept and record these paving hills or assessments.
 

 On the other hand, respondent asserts-that he is governed in this matter solely by the general provisions of sections 3083, 3085, and 3146, of the Revised Statutes of 1870, and cannot be compelled to record the statements in question, as they do not contain the full Christian or first names of some of the owners of the property to be affected by the paving lien, as they do not state the names of the husbands and the maiden names of the married women assessed with some of the property to be paved, and as they do not describe such property so as to sufficiently identify it.
 

 • It is provided in the Revised Statutes of 1870, § 3083, that:
 

 “It shall be the duty of parish recorders to keep for each of the record books which he is required by law to keep, a double index, well-bound ; in one part of which shall be fairly entered in the order of dates,
 
 the names and surnames of every vendor, obligor, or mortgagor,
 
 the name of the party plaintiff,
 
 or first party to all acts and writings of record in such offices in each act recorded;
 
 and in the other part of which shall be entered in the same manner, the names and surnames of every purchaser, grantee, obligee, or mortgagee, of all parties defendants to every judgment on record, and party of the second part to all instruments required by law to be recorded in such offices, or that may hereafter be recorded, together with the page of the book, in which the act is recorded, and the number which shall have been affixed to said act, if it remained on file in the recorder’s office.”
 

 Section 3085 of the Revised Statutes of 1870 subjects a parish recorder, upon failure to comply with section 3083, to a fine of $500. to be recovered before any court of competent jurisdiction.
 

 Section 3146 of the Revised Statutes of 1870 declares that:
 

 “Registers of mortgages shall be bound to refuse their certificates to persons whose Christian or first names shall not be stated, or whose Christian or first names shall be designated by the initial letters alone.”
 

 Section 48 of Act 105 of 1921 (Ex. Sess.), amending section’ 48. of Act 159 of 1912, the charter of the city of New Orleans, reads as follows:.
 

 “Sec. 48.
 
 Assessment of Cost-Statement.
 
 Upon completion of each case of paving or repairing, of streets, and' when the apportionment of the cost due by each proprietor has been ascertained and determined in the manner herein
 
 *67
 
 .provided,- the commissioner' of public property shall issue a statement of assessments,
 
 'which statement shall give a brief description of the properties against which the cost of such paving or repair of streets shall be assessed, the names of the proprietors thereof as shown by 'the assessment rolls at the time the statement is made, and the amount of the portion of the cost of such paving and repair of streets payable by each property;
 
 * * * and the issuance of such statement of assessments by the commissioner of public property shall be prima facie evidence that all legal formalities have been complied with and that -the paving or repair of the street has been executed in compliance with the contract relating to and governing the same.
 

 “The commissioner of public property shall, within ten days after the issuance of said statement of assessments furnish the commissioner of public finance copies thereof. * * *
 

 “Recordation in Mortgage Office.
 
 The commissioner of public finance shall, within ten days after he has received said copies from the commissioner of public property, furnish a copy of such statement of assessments to the recorder of mortgages for the parish of Orleans, and the said recorder shall immediately file the statement of assessments delivered to him, and shall retain and keep the same among the record books of his office. * * * He shall index the said statement of assessments in the current mortgage book under the head of ‘Statement of Paving Assessment for the Tear'-,’ hut no further record thereof shall be necessary or be paid for; provided that the failure of the said recorder to mark’the said statement of assessments ‘filed,’ or to index the same, shall in no way prejudice the rights of the city of New Orleans.”
 

 Relator and respondent have made a test case in the matter of the recording of a bound volume, containing certified copies of paving assessments against various persons and properties for the paving of Taft place from Dumaine street to Delgado drive.
 

 Respondent admits that he has refused to accept and file same, on the ground that the names' of the owners of the property and the descriptions of same were not properly set forth or sufficiently detailed in numerous instances, and respondent could not reject the faulty • assessments or bills without rejecting the whole volume.
 

 Respondent is not required to record in full these statements of assessments in any record book which the law requires him to keep. Section 48 of Act 105 of 1921 (Ex. Sess.) expressly states that—
 

 “The recorder of mortgages for the parish of Orleans, * * * shall immediately
 
 file
 
 the statement of assessments delivered to him,
 
 and shall retain and keep the same among the record boolcs of his office.”
 

 In other words, when the city of New Orleans presents to the recorder of mortgages of the parish of Orleans a bound volume of certified copies of statements of assessments of paving, this volume,
 
 when filed
 
 by the recorder of mortgages,
 
 becomes a part of the records of his office,
 
 under the plain terms of the act. Nor does section 48 of Act 105 of 1921 (Ex. Sess.) require the recordation in full of these statements of assessments
 
 m the mortgage book
 
 kept by the recorder of mortgages of the parish of Orleans. It is specifically provided in said section:
 

 “He shall
 
 index
 
 the said statement of assessments
 
 in the current mortgage book
 
 under the head of ‘Statement of Paving Assessment for the Tear -,’
 
 but no further record thereof shall be necessary or be paid for.”
 

 In other words,, section 48 of Act 105 of 1921 (Ex. Sess.) has provided for separate and distinct records .in the matter of the recording of statements of assessments for paving in the city of New Orleans,- both as to the statements themselves, and as to the indexing in the current mortgage book of the names of the property owners affected by the paving liens.
 

 Act 105 of 1921 (Ex. Sess.) § 48, is the special law of the case, in so- far as the recordation of statements of assessments for paving in the city of New Orleans is concerned, and requires the city to take the names of. the •property owners from the assessment rolls.
 

 It may be true that respondent, in the ordinary case, must refuse the recordation of acts which do not state 'the Christian or first name of the person to be affected, and, if such person is married, the maiden name, but such
 
 *69
 
 general rule cannot prevail in the face of the plain and positive provisions of section 48 of Act 105 of 1921 (Ex. Sess.) relative to the recordation of statements of assessments for paving in the city of New Orleans.
 

 If respondent cannot refuse to filé in his office these statements because the full names of the owners of the property are not given on the assessment rolls, or because the maiden name of the wife, or the name of the husband of the surviving widow, is not stated in such rolls, it is clear that respondent cannot be heard to complain as to any faulty description of the property affected by these statements of assessments, on the ground that it would be impractical, in the latter case, for him to give a certificate as to the incumbrances existing on the property covered by the paving lien. It is evident that it would not be more impractical in the latter case than it would be in the former cases. Moreover, we know of no law of this state that warrants a recorder in refusing to file and accept any act affecting real estate because, in his opinion, the description of the property therein made is not as specific as he might wish.
 

 Act-105 of 1921 (Ex. Sess.) § 48, has declared that a brief description of the property assessed, with the cost of paving, shall be given in the statements of assessments, and that the city of New Orleans shall take the names of the owners from the assessment rolls. If some of the property charged with the cost of the paving, in this case, is described as “part of lot,” giving its number, respondent may ordinarily obtain a more definite description from the titles of the owners of record in his office, if certificates are required as to the incumbrances on the property.
 

 Relator has complied substantially with the requirements of section 48 of Act 105 of 1921 (Ex. Sess.), and it is made the mandatory duty of respondent under this section to accept and file, in the manner required by the act, the statements of assessments tendered to him. Respondent has no discretion in the matter.
 

 Heretofore respondent has accepted and filed, without complaint, similar statements of assessments or bills for cost of paving, when presented to him for recordation by the city of New Orleans. As far as we are advised, respondent has not been subjected, under section 8085 of the Revised Statutes of 1870, to the payment of any fine for the recordation of these statements in the past.
 

 It is manifest that this section of the Revised Statutes has no application to the recordation by respondent of such statements, as it is made the plain ministerial duty of respondent, under section 46 of Act 105 of 1921 (Ex. Sess.), when reqirested to do so by the commissioner of public finance of the city of New Orleans, to record these statements.
 

 Judgment affirmed.